Mr. Justice Moore
delivered the opinion of the Court.
This is an original proceeding in which Robert A. Theobald, as director of the Department of Revenue, and the Motor Vehicle Division, State of Colorado, applied for a writ of prohibition directed to the respondents. Upon consideration of the petition a rule to show cause issued, and pursuant thereto the respondents made answer. Theobald will be referred to as the director and the respondents will be referred to as the district court.
The questions for determination arise out of the following events: One Markham filed an action in the district court against the director seeking an adjudication that the latter had illegally suspended his license to drive a motor vehicle. The prayer of his complaint contained the following:
*468 “* * * Plaintiff further prays that the Court shall provide in the Citation issued pursuant hereto, that such Department and Division [Theobald] shall restore plaintiff’s right to drive as of the effective date of the purported Order of Suspension, and shall make immediate delivery to him of his operator’s license aforesaid, pending conclusion of review proceedings herein.
The order of suspension above referred to was entered by the director on July 11, 1961, following a notice to Markham, and a hearing before the director pursuant to C.R.S. ’53, 13-3-24 as amended. At the time of said hearing Markham surrendered his driver’s license to the director. A rehearing of said suspension order was requested and had on August 23, 1961, at which time the order was affirmed.
September 8, 1961, Markham filed the action in the district court as above stated. The complaint was supported by the affidavit of Markham’s counsel who asserted that he had searched the pertinent records and found that his client had not been assessed sufficient points against his driving record to justify suspension of his license. Upon ex parte application by counsel for Markham the district court, on September 8, 1961, entered an order commanding the director to “* * * restore the right of Larry Dale Markham to drive,” and to make immediate delivery to him of his operator’s license, “pending conclusion of review proceedings herein.” September 15, 1961, the director filed a motion to vacate and set aside the above order. September 19, the said motion was heard and denied. Thereupon petition was filed in this court and our rule to show cause issued.
It is argued that the order of the district court above quoted is void for the reason that it was issued ex parte; that the director was not served with process or notice; that he was not afforded an opportunity to be heard; and that no showing of “irreparable injury” was made as required by C.R.S. ’53, 3-16-5. 13-3-24, as amended, grants the director authority to suspend the driver’s *469 license of any person who has accumulated the statutory number of points. This suspension order is subject to judicial review pursuant to C.R.S. ’53, 13-3-28 which as amended reads as follows:
“Every person finally denied a license or whose license has been finally cancelled, suspended or revoked by or under the authority of the department, may within thirty days thereafter, obtain judicial review in accordance with section 5, chapter 37, Session Laws of Colorado 1959.”
The section last quoted, in pertinent part, reads as follows:
“(1) In order to assure a plain, simple and prompt judicial remedy to persons adversely affected or aggrieved by agency action the provisions of this section shall be applicable.
“ (4) * * * Any other case of review of agency action shall be commenced by the filing of an action for review in the district court in accordance with the rules of civil procedure. * * *
“(5) Upon a finding that irreparable injury would otherwise result, the agency, upon application therefor, shall postpone the effective date of the agency action pending judicial review, or the reviewing court, upon application therefor and regardless of whether such an application previously shall have been made to or denied by any agency, shall issue all necessary and appropriate process to postpone the effective date of the agency action or to preserve the rights of the parties pending conclusion of the review proceedings.”
It is the contention of counsel for Markham that pursuant to the foregoing he proceeded under R.C.P. Colo. 106(a)(4), filed his complaint, supported it by affidavit, and the court thereupon issued citation to the director. The said rule contains the following statement: “If a stay of proceedings is granted the citation or order shall so state.” Markham’s argument is that the effect of the order of the district court was to bring about a *470 “stay of proceedings” within the contemplation of the above quotation. We quote from the brief of counsel the following statement of his position:
“* * * No temporary restraining order or injunction was issued by the District Court; but, pursuant to Sec. 3-16-5, CRS 1953, (administrative code — judicial review) and particularly to sub-section (5), thereof, a postponement of the effective date of the agency action, preserving the rights of the parties pending conclusion of the review proceedings, was effected in connection with the review proceedings regularly initiated pursuant to the provisions of Rule 106(a) (4). Under the circumstances, this constituted no more than a stay of execution upon the ruling of a quasi-judicial body as specifically contemplated by the Rule and by the Statute cited.”
Suffice it to say that under the statute (C.R.S. ’53, 3-16-5 as amended) the district court upon review of the action of the director could not “postpone the effective date of the agency action * * * pending conclusion of the review proceedings” in the absence of a specific finding that irreparable injury would otherwise result. No such finding was made by the district court, and from all that appears here there was nothing upon which such a finding could be based.
The record discloses that the hearing of July 11, 1961, was had upon notice to Markham, resulting in the order of suspension. A month and twelve days elapsed before the motion to vacate the suspension order was denied, and Markham delayed presenting his complaint for review of the proceedings for fifteen days thereafter. No showing whatever was made that “irreparable injury” would result from a notice to the director of the application for an order commanding him to restore petitioner’s license pending determination of the review proceedings. We cannot approve the action of the district court in summarily ordering the return of Markham’s license.
The weight of the argument of counsel for Markham *471 (who represents the district court in this proceeding) if any is to be found, must lie in the assertion that by R.C.P. Colo. 106 (a) (4) the district court has a discretionary power to grant a “stay of proceedings” and when this occurs the order to show cause “shall so state.”
 The argument assumes that we are here concerned with a “stay of proceedings,” when in fact we have before us a mandatory order commanding the undoing of an act which the director has fully completed, and which he is expressly authorized to perform under the statute. The action by the director was taken and completed upon notice and hearing exactly as provided by statute. The act of the legislature specifically provides in what manner the effective date of the action of the director can be postponed, and places limitations upon the right to secure a postponement of such effective date. These limitations upon the existence of that right must be complied with, or the right to a postponement does not exist. Under rule 106 (a) (4) the district court had no discretion whatever to determine that Markham had a right to a postponement of the effective date of the suspension order even though he made no showing of irreparable injury. The only discretion the district court had under this record was to determine whether “irreparable injury” would result if the director’s order remained in effect pending review. No showing whatever was made on this question and there was nothing before the court upon which its discretion could operate. Where the legislative branch of the government has defined the conditions under which a right exists, the Supreme Court in the exercise of a rule making power, limited to procedural matters only, cannot destroy the limitations which are imposed by the legislature in a proper exercise of the police power to protect the public safety. The rule (106 C.R.S. ’53, supra) as relied upon, has no force or effect. Rule 81, R.C.P. Colo., expressly provides that where a matter is specifically covered by statute the Rules of Civil Procedure are inapplicable.
*472 The legislature in the proper exercise of the police power has full authority to authorize the action taken by the director. Nothing in the Constitution of the State of Colorado, or that of the United States, prohibits the legislature from requiring a showing of irreparable injury as a condition to be met before a postponement of the effective date of agency action shall be brought about. In the protection of the public safety the legislature has seen fit to provide a reasonable limitation upon the right to secure a postponement of the effective date of a license suspension, by requiring a showing of irreparable injury. Neither the trial court nor this court has the power to nullify, by procedural rule, this lawful exercise of the police power on the part of the General Assembly; the function of the courts being limited to a review of the administrative acts of the director.
The rule is made absolute.
Mr. Justice Frantz and Mr. Justice Day dissent.
Mr. Justice Pringle not participating.